In the Matter of LOUIS H. PINK, Superintendent of Insurance of the State of New York, as Liquidator of NEW YORK TITLE AND MORTGAGE COMPANY, Respondent, against CORD MEYER COMPANY, Appellant, Impleaded with Another.

Argued October 3, 1938; decided November 29, 1938.

*John Adikes* and *Charles H. Street* for appellant. The order of the Special Term denying the application as to appellant was right. The case is not within the spirit of section 1077-c of the Civil Practice Act so far as appellant is concerned. (*Weisel* v. *Hagdahl Realty Co.*, 241 App. Div. 314; *Gould* v. *Equitable Life Assur. Soc.*, 231 N. Y. 208.)

*William A. Shea, Frank J. Melioris* and *Ivey W. Cashatt* for respondent. The decision of the Appellate Division is in all respects correct. (1 Wiltsie on Mortgage Foreclosure [4th ed.], § 1; *Murray* v. *Walker*, 31 N. Y. 399; *Thompson* v. *Lewis*, 182 App. Div. 556.) The holder of a past-due mortgage is entitled to maintain an application under section 1077-c of the Civil Practice Act against the owner of the premises, as well as the lessee thereof. (*Matter of Pink* [*Kayares Theatricals, Inc.*], 252 App. Div. 759.) The payment by the lessee of the ground rent to appellant is in fact a concession that to the extent of such payment the premises involved produced a surplus and such ground rent, together with any additional surplus found, was properly ordered paid to respondent on account of the past-due principal of his mortgage. (*Matter of Old Men & Aged Couples*, N. Y. L. J. July 16, 1937.)

LEHMAN, J. The appellant Cord Meyer Company is the owner in fee of real property in Queens county. In July, 1931, it leased the land, then vacant and unimproved, for a long term of years. The lease provided for the erection of an apartment house on the leased property by the lessee. The lessee agreed to pay the cost of the improvement, but to enable the lessee to borrow the money required for that purpose the lessor agreed to join with the lessee in the execution of two mortgages for stipulated amounts upon the premises, without, however, joining in the bond secured by the mortgages. Accordingly, in October, 1931, the lessor and lessee executed and delivered to New York Title and Mortgage Company a mortgage upon the leased premises to secure a bond of the lessee for the payment of the sum of $160,000. Under the terms of the bond semi-annual installments of $2,000 were to be paid on the first day of January and the first day of July in each year. No such installment payments have been made since January 1, 1933.

Though the owner of the fee, as part of a business transaction entered into for profit, pledged its property to secure the prompt repayment, in accordance with the terms of the lessee's bond, of moneys borrowed for the improvement of the property, yet the mortgagee cannot avail itself of the right to foreclose the mortgage for the borrower's default in the payment of installments of principal, because the State has suspended the remedy of foreclosure of a mortgage " solely for or on account of a default in the payment * * * of any installment or amortization of principal secured by such mortgage." (Civ. Prac. Act, § 1077-a.) Conditions which, in the opinion of the Legislature, constitute an emergency, hamper ready sales of real property for an adequate price, and, in many cases, have reduced the rents and profits derived from mortgaged property below the amount required to pay taxes, interest and other carrying charges. To avoid injury to the general welfare which might result from widespread foreclosure of mortgages while these con-

ditions remain acute, the Legislature has, in the statute, provided a shield for owners of mortgaged property against attack by mortgagees through insistence upon the letter of the bond and against possible abuse of the remedy of foreclosure during a period when a ready sale for an adequate price cannot be had.

In providing a shield for the owner of the property against attacks of the mortgagee which might result in a sale of the property at much less than its real value, the Legislature took care to provide also that an owner who avails himself of the statutory protection against loss of his property might still be required to apply, in reduction of any past-due principal, any surplus income produced by the mortgaged property. " Any person who would otherwise have the right to foreclose a mortgage, shall have the right to make an application to any court in which such foreclosure action might be brought * * * and if upon such application it shall appear to the satisfaction of the court that the mortgaged property during the six months prior to the application shall have produced a surplus over and above the taxes, interest and all other carrying charges, then the court may make an order directing the payment of such surplus or such part thereof as the court may determine to the mortgagee to apply toward the reduction of any past due principal * * *." (Civ. Prac. Act, § 1077-c.) Accordingly, in this proceeding the Superintendent of Insurance has made such application.

It then appeared that during the six months' period the rents of the apartment building were sufficient to leave a surplus of $856.28 after payment of the operating and maintenance expenses of the building, taxes, water rents and interest on the first mortgage. During the same period the lessee paid to the lessor as ground rent under the lease the sum of $1,248.75. The rents and profits received by the lessee were insufficient by almost $400 to pay the ground rent and to that extent the lessee

suffered a loss rather than a profit. Nevertheless, the lessee was directed by the court to pay to the mortgagee the sum of $856.28 in reduction of the mortgage debt. No appeal was taken by the lessee from the order directing such payment, and we may not now pass on the question whether the ground rent is a " carrying charge " within the meaning of the statute which must be deducted in fixing the " surplus " produced by the mortgaged premises which the court may direct the *lessee* to pay to the mortgagee.

The sole question to be determined upon this appeal is whether the court may direct the *lessor* to pay to the mortgagee the ground rent received by it under the terms of the lease. The court at Special Term refused to make such direction. The Appellate Division reversed the order of the Supreme Court on the law and the facts and granted the application of the mortgagee.

When the mortgage was executed, the lessor owned only the fee of the mortgaged premises, subject to a long term lease, and the lessee owned the term granted by the lease. Each could mortgage what it owned; neither could mortgage what the other owned. When both joined in the mortgage the mortgagee obtained a lien on the property of each. So long as the lease continued, ownership of the fee carried with it the right to receive the rent reserved. When the rent was received by the owner of the fee, it was income derived from the fee which the lessor had mortgaged; and since the lessee had, in accordance with the terms of the lease, paid all the expenses and carrying charges, the court could properly direct the lessee to pay to the mortgagee the entire amount received as " surplus " produced by the mortgaged fee. The lessee's ownership of the lease and the term granted by the lease carried with it the right to build and maintain an apartment house. The rents received by the lessee of the apartment house from tenants of apartments therein

is income of the lessee derived from and produced by the interest in the property which the lessor had granted to him and which the lessee mortgaged. The owner of the mortgaged fee is not interested in the rentals paid by the tenants of the apartment house. He would be entitled to the ground rent reserved in the lease, though the completed apartment house did not produce sufficient income to pay it, as well as the other carrying charges. Where both the owner of the fee who has reserved a ground rent and the lessee join in a mortgage as security for a loan made to the lessee and payable by the lessee, the owner should not be heard to complain that it is inequitable, after default in payment of the principal of the mortgage debt, to compel the owner to pay any surplus rental received by him from the property in reduction of the past due principal. The owner of the fee may properly be directed to pay to the mortgagee the ground rents produced by the mortgaged fee; in addition the lessee may properly be directed to pay to the mortgagee the surplus of rents received from tenants to which the lessee is entitled as owner of the mortgaged term. The court may not, however, direct the owner of the fee to pay in addition the rentals received by the lessee from the tenants in the apartment house which the owner of the fee did not receive and which, indeed, were insufficient to meet the ground rent charge. Such additional direction is included in the order of the Appellate Division, perhaps by inadvertence. The respondent concedes that the " surplus " payable by the *appellant* is limited to the ground rent received.

The order of the Appellate Division should be modified in accordance with this opinion, and as so modified affirmed, with costs to the respondent.

CRANE, Ch. J., O'BRIEN, HUBBS, LOUGHRAN, FINCH and RIPPEY, JJ., concur.

Ordered accordingly.